IN THE DISTRICT COURT OF POTTAWATOMIE COUNTY
STATE OF OKLAHOMA

FILED
IN THE DISTRICT COURT
SEP 0 8 2014
POTTAWATOMIE COUNTY, OK
RETA HEAD, COURT CLERK
DEPUTY

AARON WARD, Individually, and as )
Surviving Son of JUNE TURMAN, )
Deceased, )
 )
    Plaintiff, )
 )
v. )  Case No. CJ-14-361
 )  **JURY TRIAL DEMAND**
(1) SENTINEL SECURITY LIFE )
INSURANCE COMPANY )
(2) PATRICK LODER )
 )
    Defendants. )

### P E T I T I O N

#### JURISDICTION AND VENUE

1. Plaintiff, Aaron Ward, is a resident of Pottawatomie County in the State of Oklahoma.

2. Defendants Sentinel Security Life Insurance Company and Patrick Loder are hereafter collectively referred to as "Defendants", except as otherwise specified.

3. Sentinel Security Life Insurance Company is a foreign corporation organized under the laws of the State of Utah.

4. Sentinel Security Life Insurance Company is duly authorized and licensed to do business in the State of Oklahoma.

5. Patrick Loder is a resident of the state of Oklahoma and an agent selling policies of insurance through Sentinel Security Life Insurance Company in the State of Oklahoma.

1



6. Sentinel Security Life Insurance Company may be served with process through the Commissioner of the Oklahoma Insurance Department.

7. Subject matter jurisdiction is proper in this Court pursuant to 12 O.S. § 2004(F).

8. Venue is proper in this Court pursuant to 12 O.S. § 137.

## BACKGROUND FACTS

9. On or about June 4, 2012, insurance agent and Defendant Patrick Loder, through Sentinel Security Life Insurance Company, sold a policy of life insurance to June Turman (Decedent).

10. Defendant Patrick Loder conducts business out of his office in Tulsa County, Oklahoma.

11. All premiums due and owing on the involved insurance contract were paid.

12. Sentinel Security Life Insurance Company accepted all premiums thereon, and the applicable contract was in full force and effect on the date Plaintiff filed a claim for benefits.

13. Plaintiff's mother, June Turman, died on November 14, 2012.

14. Plaintiff timely and properly made a claim for policy benefits on Decedent's applicable policy and otherwise complied with all conditions precedent, including the cooperation of any investigation needed in the claim handling.

**COUNT I: BREACH OF THE DUTY
OF GOOD FAITH AND FAIR DEALING**

Plaintiff realleges all previous allegations and further states:

15. On the date that benefits were requested by the Plaintiff, there was a valid and paid insurance contract between Decedent and Sentinel Security Life Insurance Company.

16. On February 4, 2013, Defendant Sentinel Security Life Insurance Company breached this insurance contract with the Plaintiff by denying a claim for benefits and failing to timely pay benefits in accordance with the terms of the policy No. 0196573.

17. At all times applicable herein, as Decedent's insurer, Defendants owed Plaintiff a duty of good faith and fair dealing.

18. On February 4, 2013, Defendant Sentinel Security Life Insurance Company wrongfully denied payment of policy benefits and wrongfully rescinded the policies; without any reasonable basis for doing so.

19. Upon information and belief, in its handling of Plaintiff's claim, and as a matter of routine business practice in handling like claims under these policies, Sentinel Security Life Insurance Company breached its duty to deal fairly and act in good faith towards the Plaintiff by:

a. Failing and refusing payment to the Plaintiff at a time when Defendants knew that Plaintiff was entitled to those benefits;

b. Failing to properly investigate Plaintiff's claim and to obtain additional information necessary to reach a proper claim decision;

c. Withholding payment of the benefits on behalf of Decedent knowing that Plaintiff's claim for those benefits was valid;

d. Refusing to honor Plaintiff's claim in some instances for reasons contrary to Oklahoma law;

e. Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of the claim;

f. Not attempting in good faith to effectuate a prompt, fair and equitable payment of Plaintiff's claim once liability had become reasonably clear;

g. Forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure money Defendants knew or should have known was payable;

h. Failing to properly evaluate any investigation that was performed; and

i. Attempting to rescind the policies without legal or factual justification;

20. As a direct result of Defendants' breach of the duty of good faith and fair dealing, Plaintiff has sustained damages including the loss of the policy's coverage, anxiety, frustration, mental and emotional distress, financial hardship and other incidental damages.

21. The actions and omissions of Defendants were willful and malicious or made with reckless disregard for the rights of others entitling Plaintiff to punitive damages against Defendants.

### COUNT III:  FALSE REPRESENTATIONS AND DECEIT

Plaintiff realleges all previous allegations and further states:

22. Sentinel Security Life Insurance Company, and its agent Patrick Loder, falsely represented coverage to Decedent.

23. On those same dates, Patrick Loder concealed important information concerning Sentinel Security Life Insurance Company's rescission practices.  Among other things, Patrick Loder did not inform Decedent that Sentinel Security Life Insurance Company would make assumptions about her intent when a claim was made.  Sentinel Security Life Insurance Company and Patrick Loder did not inform Decedent that they would undertake an investigation that was not in compliance with Oklahoma law.

24. The representation of coverage under the insurance policy and the concealment of important information regarding

rescission was material to and did induce Decedent and Plaintiff to purchase the subject insurance policy.

25. These representations were false and were made with either the intent to deceive or were knowingly made recklessly without any knowledge as to their truth.

26. The concealment of the important information regarding Sentinel Security Life Insurance Company's rescission practice was made with intent to deceive and induce Decedent to purchase the subject insurance policy.

27. Decedent reasonably relied upon the representations and concealment of facts made by Patrick Loder as agent.

28. As a direct result of Defendants' false representations and concealment of fact, Plaintiff has sustained damages, including the loss of the policy's coverage, anxiety, frustration, mental and emotional distress, financial hardship and other incidental damages.

29. The actions and omissions of Defendants were willful and malicious or made with reckless disregard for the rights of others. Punitive damages are appropriate to punish and deter Defendants and other insurers and agents from engaging in acts that breach the duty of good faith and fair dealing.

30. Defendant Patrick Loder, an agent of Sentinel Security Life Insurance Company, at all times material to this case, was

acting within the scope of his agency with Sentinel Security Life.

    a. Defendant Loder, an agent of Sentinel Security Life Insurance Company, while in furtherance of the goals, aims, and policies of Sentinel Security Life Insurance Company, sold the policies at issue in this case.

    b. Defendant Loder, an agent of Sentinel Security Life Insurance Company, defrauded the Decedent into believing that if she were to die, she would have coverage and the insurer, Sentinel Security Life Insurance Company, would pay the insurance policy money promised.

    c. At all times material to this case, Patrick Loder acted as agent of Sentinel Security Life Insurance Company and on behalf of Decedent June Turman.

32. As a direct and proximate result of the acts of bad faith and fraud described above, the Plaintiff has incurred harms and losses in excess of $75,000.

33. WHEREFORE, the Plaintiff, Aaron Ward, Individually, and as Surviving Son of June Turman, Deceased, respectfully requests judgment against Defendants Sentinel Security Life Insurance Company and Patrick Loder, in an amount in excess of $75,000.00 for actual and punitive damages, plus interests, costs, and such other and further relief as the Court deems just and proper.

34. Notwithstanding anything else contained herein, Plaintiff sues Defendants for breach of duty of good faith (bad faith), false representations, deceit, and fraud- but not breach of contract.

35. **ATTORNEYS' LIEN CLAIMED.**

Dated this 3rd day of September, 2014.

*/s/ John Branum*

John L. Branum, OBA #20165
Macy F. Jensen, OBA #30600
Branum Law Firm, PLLC
7701 South Western Ave, Suite 205
Oklahoma City, OK 73139
(800) 318-9950 Phone
(800) 418-8210 Fax
John@BranumLawFirm.com Email
**ATTORNEYS FOR PLAINTIFF**